**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maritza Villafana Reyes, Julian Anthony Reyes,<br><br>            Plaintiffs,<br><br>vs.<br><br>Housing America Corporation, Jorge Lozano, Laurie Gail Senko, Maria Quezada, Patricia Utzman, Joyce Lucero, Gary F. Hallford, Nathaniel Urquhart, Manuel Figueroa, John Does I-V, Jane Does I-V, Black and White Corporations I-V,<br><br>            Defendants. | No. CV-08-0532-PHX-LOA<br><br>**ORDER TO SHOW CAUSE** |

This matter arises on the Court's review of the file. Plaintiffs commenced this action on or about March 18, 2008. (docket #1) On March 25, 2008, the Court issued a Notice of Assignment and Order, docket #15, ordering Plaintiffs to file on or before April 14 2008 their written elections to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge. As of today's date, the Plaintiffs have failed to file their written elections to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

Dismissal of a complaint for failure to comply with the procedural rules of the court is within the court's discretion. *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943); *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837 (9th Cir. 2000). Moreover, district courts have the inherent power to control their dockets and, in

1 the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A dismissal for want of prosecution under Rule 41(b) will stand unless it is an abuse of discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his or her claim is grounds for involuntary dismissal of the action. *Anderson v. Air West, Inc.*, 542 F.2d at 524. The courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to avoid dismissal. *Id*. (citing *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)).

Because the period within which Plaintiffs were to file their written consents or elections has passed, the Court orders Plaintiffs to show cause in writing **on or before May 1, 2008** why their Complaint against Defendants Housing America Corporation, Jorge Lozano, Laurie Gail Senko, Maria Quezada, Patricia Utzman, Joyce Lucero, Gary F. Hallford, Nathaniel Urquhart and Manuel Figueroa, should not be dismissed for failure to comply with court orders and failure to prosecute pursuant to Rule 41(b), FED.R.CIV.P. Plaintiffs may discharge this OSC by complying with the Court's March 25, 2008 Order **on or before May 1, 2008**.

Accordingly,

**IT IS ORDERED** that Plaintiffs show cause in writing **on or before May 1, 2008** why Plaintiffs or their counsel should not be sanctioned for failing to timely comply with court orders. Plaintiffs or their counsel may discharge this Order to Show Cause by either consenting to magistrate judge jurisdiction or electing to have the case assigned to a district judge before **May 1, 2008.**

DATED this 17th day of April, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge